# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **PRICE CHOPPER, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | Civil No. |
| ) | 09-10617-FDS |
| v. ) | |
| ) | |
| **CONSOLIDATED BEVERAGES, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER ON POST-TRIAL MOTIONS

**SAYLOR, J.**

This matter was tried to a jury between February 13 and 15, 2012. On March 12, 2012, defendant Consolidated Beverages, LLC, moved for judgment as a matter of law in its favor and for a new trial. On March 27, 2012, plaintiff Price Chopper, Inc., moved to alter the judgment. On March 28, Consolidated moved to amend the judgment and to add an award of interest. After review of the record and careful consideration, all motions will be denied, and the interest will be calculated as follows:

1. Defendant's motion for judgment as a matter of law is denied. Defendant has not shown that the evidence "is so one-sided that [it] is plainly entitled to judgment, for reasonable minds could not differ as to the outcome." *Colasanto v. Life Ins. Co. of N. Am.*, 100 F.3d 203, 208 (1st Cir. 1996) (citation omitted); *accord Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149-51 (2000); *Zimmerman v. Direct Fed. Credit Union*, 262 F.3d 70, 75 (1st Cir. 2001) ("[T]he jury's verdict must stand unless the evidence, taken in the light most favorable to the prevailing party, points unerringly to an opposite conclusion.").

2. Defendant's motion for a new trial is denied. Defendant has not shown that ""the

outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice." *Goulet v. New Penn Motor Express, Inc.*, 512 F.3d 34, 44 (1st Cir. 2008) (quoting *Ramos v. Davis & Geck, Inc.*, 167 F.3d 727, 731 (1st Cir. 1999)); *accord Sheek v. Asia Badger, Inc.*, 235 F.3d 687 (1st Cir. 2000) ("We will uphold the jury's verdict unless the evidence points 'to one conclusion and one conclusion only: that the losing party was entitled to win.'" (citations omitted)).

3. The motions to alter the judgment are denied. Neither party has clearly established a manifest error of law or fact, presented newly discovered evidence, or argued that there has been an intervening change in controlling law to support altering the judgment under Fed. R. Civ. P. 59(e). *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 (1st Cir. 2005).

4. As to interest, under Massachusetts law plaintiff is entitled to prejudgment interest at a rate of 12% per year from the filing of the complaint and defendant is entitled to prejudgment interest at a rate of 12% per year from the filing of its counterclaim. Mass. Gen. Laws ch. 231, §6C; *Bowers v. Baystate Technologies, Inc.*, 112 F. Supp. 2d 185, 187-88 (D. Mass. 2000); *see also Fratus v. Republic Western Ins. Co.*, 147 F.3d 25, 30 (1st Cir. 1998) ("In diversity cases, state law must be applied in determining whether and how much pre-judgment interest should be awarded."). That is because the jury made no express finding as to the date of breach or demand. *See Berish v. Bornstein*, 437 Mass. 252, 274 (2002) ("Establishing the date of breach or demand is a determination for the trier of fact, and, where trial has proceeded before a jury, neither the judge nor an appellate court can make such a determination." (quoting *Deerskin Trading Post, Inc. v. Spencer Press, Inc.*, 398 Mass. 118, 125 (1986)).

This latter principle, however, is not binding on federal courts in diversity cases, as "the

distribution of issues between judge and jury is 'not bound up with rights and obligations' so as to commit a federal court to follow the state rule." *Boston Gas Co. v. Century Indem. Co.*, 529 F.3d 8, 21 (1st Cir. 2008) (quoting *Byrd v. Blue Ridge Rural Electrical Cooperative, Inc.*, 356 U.S. 525, 538 (1958)). In federal practice, "prejudgment interest is routinely added by the judge on motion to alter or amend the judgment . . . based on 'considerations of fairness.'" *Id.* (quoting *Board of County Comm'rs of Jackson County v. United States*, 308 U.S. 343, 352 (1939)).

Given the complexity of the factual disputes in this case—involving, among other things, the nature of the contracts, whether they were modified, and when they were due to be paid—the Court will not make its own determination as to the date of breach or demand for purposes of calculating prejudgment interest. Accordingly, as to those damages occurring before the filing of the lawsuit, plaintiff will be awarded prejudgment interest at a rate of 12% per year from the filing of the complaint and defendant will be awarded prejudgment interest at a rate of 12% per year from the filing of its counterclaim. However, some of the damages in this case were incurred *after* plaintiff filed the complaint and *after* defendant filed its counterclaim. It would be unfair to award interest from the filing of the complaint and counterclaim for damages that had not yet been incurred.

Although it appears as though the jury may have simply cut the unpaid invoice amounts in half as to both parties, the Court cannot be sure exactly how the jury calculated damages and what factors went into the jury's calculation. The Court nonetheless believes, in the interests of fairness, that it should undertake some rough attempt to pro rate damages for purposes of the interest calculation. To do so, the Court will use Exhibit 5, a spreadsheet maintained by plaintiff

3

of the unpaid invoices.[1]

First, the Court will pro rate that portion of the total damages awards attributable to the time period occurring before the filing of the complaint and the counterclaim. Based on Exhibit 5, the Court finds that $141,688 of the award to the plaintiff is based on the unpaid redemption costs incurred prior to the filing of the complaint, and $36,200 of the award to the defendant is based on the unpaid value of the scrap incurred prior to the filing of the counterclaim. Awards of 12% interest will be made on those amounts.

Determining the interest for damages incurred after the filing of the complaint and counterclaim is not as straightforward. For the reasons discussed above, the Court cannot determine precisely how the jury determined when a breach occurred, or what other considerations went into their damages calculation. Furthermore, any precise calculation would be complicated; it appears that an invoice was sent approximately every month from April 2009 (when the complaint was filed) to January 2012, each of which was for different amounts for redemption costs and scrap value.[2] Under the circumstances, the Court could either (1) conclude that the calculation is too speculative and award no interest on post-complaint/counterclaim damages, or (2) attempt to make a rational judgment as to what would be fair to both parties. The Court will follow the latter course, on the grounds that the parties are entitled to some interest damages incurred after the complaint and counterclaim were filed. *See* Mass. Gen. Laws ch. 231, §6C; *Fratus*, 147 F.3d at 30; *cf. Boston Gas Co.*, 529 F.3d at 21.

As noted, invoices were sent approximately every month from April 2009 to January

---

[1] Both parties rely on Exhibit 5 in their post-trial memoranda.

[2] The total number of invoices is 37, sent over a period of approximately 34 months.

4

2012.  As of today, the average age of the invoices submitted after the complaint and counterclaim were filed is somewhat less than two years; the midpoint of the 37 invoices is dated September 12, 2010.  Considering all of the circumstances of this case, for purposes of calculating prejudgment interest each of those invoices will be roughly averaged and treated as having been sent on September 12, 2010.  This is obviously a rough approximation of the interest to which the parties are entitled.  However, given the unique circumstances presented here and the information available to the Court, it is most consistent with the requirements Mass. Gen. Laws ch. 231, §6C, and a reasonably fair outcome under the circumstances.

Therefore, the Court finds that plaintiff is entitled to prejudgment interest at a rate of 12% per year (1) from April 17, 2009 (the filing of the complaint) on $141,688, and (2) from September 12, 2010, on $108,312.  Defendant is entitled to prejudgment interest at a rate of 12% per year (1) from May 20, 2009 (the filing of the counterclaim) on $36,200, and (2) from September 12, 2010, on $20,800.  The clerk will enter the precise amounts in the final judgment.
**So Ordered.**

                                              /s/ F. Dennis Saylor
                                              F. Dennis Saylor IV
Dated:  June 18, 2012                                     United States District Judge